IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHAWN WEST,

    Petitioner,                   No. CIV S-02-2307 FCD KJM P

    vs.

ROY A. CASTRO, Warden,

    Respondent.              FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. On February 8, 2001, petitioner was charged in Shasta County Superior Court with felony counts of possession and transportation of methamphetamine. CT 1-4.[1] On February 21, 2001, petitioner waived his right to a preliminary hearing on the condition that the district attorney keep a five-year prison term offer open until the settlement conference. CT 10. Prior to the settlement conference, the district attorney learned that petitioner had suffered previous felony convictions and rescinded the five-year offer. Answer at 4. Because petitioner's waiver of the preliminary hearing was contingent on the existence of the five-year plea deal, the court allowed petitioner to withdraw his waiver, which he did. ART 18-19; CT 20.

---

[1] CT refers to the Clerk's Transcript, RT to the Reporter's Transcript, and ART to the Augmented Reporter's Transcript, all lodged with this court.

1

On April 17, 2001, a day before the rescheduled preliminary hearing, petitioner pled guilty to transportation of methamphetamine and was sentenced to eight years in state prison. RT 4-9.

While it is not entirely clear, it appears petitioner claims he should have been allowed to plead to the five-year deal that had been in place prior to his initial waiver of the preliminary hearing instead of the eight-year deal that petitioner later accepted. Pet. at 12-17 (petitioner's arguments). Respondent argues as a threshold matter that petitioner has not alleged a federal Constitutional or statutory violation. Answer at 4-5.

Title 28 U.S.C. § 2254(a) states "the Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Petitioner has not claimed, and it does not appear he can claim, that the withdrawal of the original five-year deal or his subsequent acceptance of his eight-year prison deal violated federal law. All he says is that withdrawal of the five-year deal was unjustified, without explanation. Pet. at 12:26-27. Petitioner expressly indicates that he is not challenging the voluntary and intelligent nature of his plea of guilty to transportation of methamphetamine and acceptance of an eight year prison term. See Pet. at 13 ("his efforts do not include an attack on, or any attempt to invalidate, his no contest plea").

"When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea." U.S. v. Cortez, 973 F.2d 764, 766 (9th Cir. 1992) (citing Tollett v. Henderson, 411 U.S. 258 (1973)); see also O'Leary v. United States, 856 F.2d 1142, 1143 (8th Cir. 1988) (valid plea waives all non-jurisdictional objections, such as that the indictment was based on false information).

Petitioner has not presented a cognizable claim.

1       Accordingly, IT IS HEREBY RECOMMENDED petitioner's application for a writ of habeas corpus be denied.

      These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty days after being served with these findings and recommendations, any party may filed written objections with the court and serve a copy of all parties. Such a documents should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within five days after service of the objections. The parties are advised the failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 30, 2006.

                                                                  UNITED STATES MAGISTRATE JUDGE

1/JA
west2307.157

3